NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUSAN M. CARMEN,<br><br>*Plaintiff*,<br><br>v.<br><br>SPIRIT AIRLINES,<br><br>*Defendant*. | Civil Action No. 24-4612<br><br>**OPINION**<br><br>December 31, 2025 |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court on *pro se* Plaintiff Susan M. Carmen's Motion for Summary Judgment (ECF 18, "MSJ")[1] and Defendant Spirit Airlines'[2] Motion to Dismiss the Complaint for Insufficient Service of Process (ECF 12-1, "Motion to Dismiss" or "MTD"). Defendant opposed the Motion for Summary Judgment. (ECF 19, "Opp. to MSJ.") Plaintiff opposed the Motion to Dismiss (ECF 14, "Opp. to MTD") and Defendants replied in support of the Motion to Dismiss (ECF 15, "Reply ISO MTD"). The Court has decided the motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the

---

[1] Plaintiff filed the Motion for Summary Judgment as a "Motion in Opposition to Defendant Motion to Dismiss and Request for Time…Coupled with the Plaintiff Motion for Summary Judgment." (ECF 18.) For the purpose of clarity, the Court refers to this filing simply as the "Motion for Summary Judgment."

[2] Defendant maintains that it has been improperly sued as "Spirit Airlines" rather than "Spirit Airlines, LLC." (MTD at 1.) For the purpose of consistency, the Court will refer to Defendant as "Spirit Airlines."

1

reasons set forth below, Plaintiff's Motion for Summary Judgment is **DENIED** and Defendant's Motion to Dismiss is **GRANTED**.

        **I.**        <u>**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**</u>[3]

This case arises from an injury Plaintiff allegedly sustained after a series of events beginning with her ejection from a Spirit Airlines flight. Specifically, Plaintiff, a Newark, New Jersey resident who avers that she is "severely handicapped with epilepsy chronic seizure disorder," alleges that on May 26, 2023, she boarded a Spirit Airlines flight from Atlanta, Georgia to Newark Liberty International Airport in New Jersey, and fell asleep in her seat before the plane departed from the gate. (ECF 1 at 3, "Complaint" or "Compl."; ECF 1-2 at 5, "IFP Application.") Plaintiff alleges that she was roused shortly thereafter by a Spirit Airlines flight attendant who informed her that she "could not sleep while flying," prompting her health aide, one Dereck Dillard, to intervene and notify the flight attendant of Plaintiff's medical condition. (Compl. at 3.) Plaintiff alleges that she and Mr. Dillard were "forced" off the plane and that they had to purchase flights to the New York metropolitan area with another airline. (*Id.*) Plaintiff alleges that she and her health aide had to fly to LaGuardia Airport in Queens, New York. (*Id.*) Plaintiff further alleges that, to get back to New Jersey, she and Mr. Dillard had to take New Jersey Transit, which she alleges featured "moving stairs." (*Id.*) Plaintiff alleges that while on these "moving stairs," she "fell down the stairs and [broke] [her] shoulder." (*Id.*) Plaintiff alleges that her shoulder "cannot

---

[3] The facts and procedural history are drawn from the Complaint (ECF 1). *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). For the purposes of a motion to dismiss, the facts drawn from the complaint are accepted as true. *See Fowler v. UMPC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The Court construes Plaintiff's *pro se* filings liberally. *See Marcinek v. Comm'r*, 467 Fed. Appx. 153, 154 (3d Cir. 2012) (holding that courts are "under an obligation to liberally construe the submissions of a pro se litigant").

be repaired due to [her] epilepsy and all [her] medicines" and that "the doctor said the pain from healing after surgery might be too much for [her]" such that the doctor allegedly refused to operate on her injured shoulder. (*Id.* at 4.)

On April 5, 2024, Plaintiff filed the instant lawsuit. (*See generally id.*) Plaintiff seeks "10 million dollars and all medical treatment paid because [Defendant] put [her] off the plane under color of law, and by doing so created the situation" that led to her injuries, as she "had no business in New York in the first place." (*Id.* at 4.) On April 15, 2024, the Court granted Plaintiff's application to proceed *in forma pauperis* and ordered the U.S. Marshal to serve copies of the Complaint and summons on Defendant, as directed by Plaintiff. (ECF 5.) On April 23, 2024, Plaintiff filed out the summons form and listed the party to be served as "Spirit Airlines" and the address at which service was to be made at "6000 N. Terminal Pkwy, Atlanta, GA 30320," which is the address of Hartsfield-Jackson Atlanta International Airport. (ECF 9 at 1.) On April 29, 2024, the U.S. Marshals returned the summons unexecuted as to Spirit Airlines, with Deputy U.S. Marshal C. Johnson noting on the form that this was due to a "wrong address." (*Id.* at 2.) Nearly a year later, on April 14, 2025, Plaintiff filed a Proof of Service stating that Spirit Airlines had been served on April 3, 2025 at 12:51 P.M. by delivering copies of the Complaint and summons to a "ticket agent" named "Emma" at Newark Liberty International Airport, with Mr. Dillard and another individual acting as process servers. (ECF 10.)

Ten days later, on April 24, 2025, Defendant filed a corporate disclosure statement (ECF 11) and the instant Motion to Dismiss for Insufficient Service of Process (MTD). On April 25, 2025, Plaintiff filed her Opposition to the Motion to Dismiss. (Opp. to MTD.) On May 12, 2025, Defendant filed its Reply in support of the Motion to Dismiss. (Reply ISO MTD.) On May 27, 2025, Plaintiff filed the Motion for Summary Judgment (MSJ), and Defendant filed its Opposition

to the Motion for Summary Judgment on June 23, 2025 (ECF 19, "Opp. to MSJ"). On September 30, 2025, Defendant filed a notice of suggestion of bankruptcy, notifying the Court that Spirit Airlines had initiated Chapter 11 bankruptcy proceedings in the Southern District of New York. (ECF 20.)

II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted if the movant shows that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. Cnty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1998) (citing *Peters v. Del. River Port Auth. of Pa. & N.J.*, 16 F.3d 1346, 1349 (3d Cir. 1994)). The moving party bears the burden of establishing that no genuine issue of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party has met that threshold burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving

4

party." *Id.* Unsupported allegations, subjective beliefs, or argument alone, however, cannot forestall summary judgment. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1988) (nonmoving party may not successfully oppose summary judgment motion by simply replacing "conclusory allegations of the complaint or answer with conclusory allegations of an affidavit."). Thus, if the nonmoving party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23). Moreover, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247-48.

Federal Rule of Civil Procedure 12(b)(5) permits a defendant to move to dismiss a complaint for "insufficient service of process." "The party asserting the validity of service bears the burden of proof on that issue." *Grand Entm't Group v. Star Media Sales,* 988 F.2d 476, 488 (3d Cir.1993). District courts possess "broad discretion" when evaluating a motion to dismiss for insufficient service of process. *See Umbenhauer v. Woog,* 969 F.2d 25, 30 (3d Cir.1992). "Where a plaintiff acts in good faith, but fails to effect proper service of process, courts are reluctant to dismiss an action." *Ramada Worldwide Inc. v. Shriji Krupa, LLC,* 2013 WL 1903295 (D.N.J. Apr.17, 2013). "Rather, courts will elect to quash service and grant plaintiff additional time to properly serve the defendant." *Id.* Federal Rule of Civil Procedure 4(h)(1) provides that a corporation may be served with process "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a

5

managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant."

### III.  ANALYSIS

The Court will address each pending Motion in turn, beginning with Plaintiff's Motion for Summary Judgment.

#### a.  Motion for Summary Judgment

In her Motion for Summary Judgment, Plaintiff argues that Defendant has not timely answered her Complaint and that, as such, "Defendants [sic] are in complete agreement as to all…the allegations made by the Plaintiff." (MSJ ¶ 1.) Plaintiff states that "it certainly appears that the Defendant has done all they could to avoid service" and requested that "with good cause shown, the Plaintiff request and order [sic] for summary judgment with prejudice without any further delay." (*Id.* ¶ 4.)

Defendant argues that "Plaintiff's Motion should be denied because Plaintiff fails to articulate any basis for her entitlement to summary judgment in this case and the Motion is procedurally improper." (Opp. to MSJ at 2.) Defendant further argues that "Plaintiff incorrectly asserts that Spirit Airlines did not respond to Plaintiff's Complaint and purportedly has admitted to Plaintiff's allegations[,]" noting that Defendant responded to the Complaint by moving to dismiss it. (*Id.*) Defendant also argues that "Plaintiff's assertion that Spirit Airlines has attempted to avoid service is demonstrably false[,]" as "Plaintiff initially attempted to effect service…at Atlanta Airport[,]" and then[,] "[r]ather than attempting to effect service on Spirit Airlines' headquarters at the address provided by the U.S. Marshall's [sic] Service, Plaintiff attempted to effect service…at a different airport by serving a 'ticket agent[.]'" (*Id.* at 2-3.) Finally, Defendant

argues that Local Civil Rule 56.1 mandates the Motion for Summary Judgment's dismissal because the Motion was unaccompanied by a statement of material facts not in dispute. (*Id.* at 3.)

Defendant carries the day on this Motion. Plaintiff has identified no salient facts that could support the notion that there is no genuine dispute of material fact in this case. The dispute in this case is very much alive, and Defendant, in moving to dismiss the case, has made it clear that they do not accept any of the allegations as true. The Motion for Summary Judgment must be denied because it does not carry its burden of demonstrating that there are not genuine factual disputes in this case, and because it is procedurally improper, as it has been filed before the parties have engaged in any discovery and, as Defendant pointed out, the Motion is not accompanied by the necessary statement of material facts not in dispute.[4] For these reasons, the Motion for Summary Judgment is **DENIED**.

### b. Motion to Dismiss

In its Motion to Dismiss, Defendant argues that "Plaintiff has not demonstrated, nor could she demonstrate, any evidence that 'Emma' [the ticketing agent at Newark Liberty Airport] is an appropriate recipient of service under any relevant rule." (MTD at 5.) Plaintiff argues that both federal and New Jersey law require the recipient of the complaint and summons to be someone specifically authorized to accept service in order for service to be deemed legally sufficient. (*Id.* at 5-7.)

Plaintiff's Opposition to the Motion to Dismiss largely reiterates the allegations set forth in her Complaint without materially responding to Defendant's arguments regarding insufficiency

---

[4] Local Civil Rule 56.1 provides that "[o]n motions for summary judgment, the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue[.] […] A motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed."

of service of process.  (*See generally* Opp. to MTD.)  In its Reply, Defendant notes this lack of response and argues that the Motion should be granted because Plaintiff "has failed to properly effect service on Spirit Airlines pursuant to either the Federal Rules of Civil Procedure or applicable New Jersey Law.  (Reply ISO MTD at 2.)

Here again, Defendant carries the day.  It has long been established in the Third Circuit that "[i]n order for service of process upon an agent to be effective, it must be shown that the agent was actually appointed by the defendant for the specific purpose of receiving process." *West v. Am. Honda Motor Co.*, No. 08-700, 2008 WL 4104683, at *4 (D.N.J. Aug. 28, 2008) (citing *U.S. v. Marple Community Record, Inc.*, 335 F.Supp. 95, 101 (E.D.Pa.1971)).  The requirements for effective service under New Jersey law largely mirror those under federal law.  *See* N.J. Ct. R. 4:4-4(5), R. 4:4-4(6) (designating officers, directors, trustees, managing agents, and general agents as proper recipients of service of process).   Plaintiff offers no facts or arguments that suggest that Emma the ticketing agent was appointed by Spirit Airlines—or otherwise authorized—to accept service of process.  Accordingly, the Motion to Dismiss for Insufficient Service of Process is **GRANTED**.  Pursuant to Federal Rule of Civil Procedure 4(m), and because Defendant has not been served within 90 days of the filing of the Complaint, the Court dismisses the action **without prejudice**.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Summary Judgment is hereby **DENIED** and Defendant's Motion to Dismiss is hereby **GRANTED without prejudice**.  An appropriate order follows.

*/s/ Jamel K. Semper*<br>
**HON. JAMEL K. SEMPER**<br>
**United States District Judge**

Orig: Clerk
cc: Cari Fais, U.S.M.J.
      Parties

Orig:   Clerk
cc:     Cari Fais, U.S.M.J.
        Parties

9